IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA FERRATO, | CASE NO. 1:22 CV 1436 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| CITY OF LAKEWOOD, | ORDER |
| Defendant. | |

## Introduction

*Pro se* plaintiff Jessica Ferrato has filed a civil complaint in this case against the City of Lakewood. (R. 1). The complaint pertains to a criminal proceeding against her in Lakewood Municipal Court in which she has been charged with disorderly conduct. (*See id*. at 1; *Lakewood Police Dep't v. Jessica L. Ferrato*, Case No. 2022 CRB 00570 (Lakewood Mun. Ct.)). The criminal charges were apparently brought against plaintiff following an encounter she had with representatives of Dominion East Ohio Gas. (*See* R. 1-1 at 1-2.)

Although plaintiff's complaint does not set forth clear legal claims, she has labelled her complaint as a "Request for Determination of Non-Dispositive Pretrial Matters, Motion for Review of Non-Disclosed Materials"; she indicates her rights are being violated and/or errors are being committed in the state case; and she states she "seeks remedy [from this Court] in the form of federal oversight, judgment, and/or review of certain legal matters pertaining to the [state criminal] case." (R. 1 at 1.)

Plaintiff has now paid the filing fee, but it does not appear she has yet served the Defendant in accordance with the Federal Rules of Civil Procedure. Nonetheless, the Court finds upon its own review that plaintiff's complaint must be dismissed.

## Standard of Review and Discussion

Federal courts are courts of limited jurisdiction and have a duty to consider the boundaries of their jurisdiction in every case. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). District courts have the authority to dismiss any complaint for lack of jurisdiction at any time without affording a plaintiff leave to amend, even where the filing fee has been paid, if "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that plaintiff's complaint must be dismissed pursuant to *Apple v. Glenn*.

A federal court must abstain from interfering with pending state-court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal concerns. *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal

court intervention "unduly interfere[s] with the legitimate activities of the state." *Younger*, 401 U.S. at 44-45.

Plaintiff's complaint on its face indicates she seeks federal-court intervention in a pending state criminal proceeding. Such a proceeding implicates an important state interest, *see Leveye*, 73 F. App'x at 794; and there is no plausible suggestion in plaintiff's complaint that she lacks an adequate opportunity to raise any federal constitutional concern she has in her state criminal case. *See Pennzoil*, 481 U.S. at 14-15; *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff has failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Accordingly, abstention is warranted here. This Court will not interfere with the pending state criminal matter against plaintiff and must abstain from asserting jurisdiction in this case in accordance with *Younger*.

## Conclusion

Based on the foregoing, plaintiff's complaint is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

DATE: February 17, 2023